Ray Bourhis, Esq. SBN 53196
Eric Whitehead, Esq. SBN 301449
RAY BOURHIS ASSOCIATES
12 Funston Avenue
San Francisco, CA 94129
Tel: (415) 392-4660
Fax: (415) 421-0259
RFBourhis@gmail.com
Eric.Whitehead@RayBourhis.com

Attorneys for Plaintiff, Lisa Hoaas

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| Lisa Hoaas, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING / INSURANCE BAD FAITH |
| v. | |
| Defendant, | |
| Sun Life Assurance Company of Canada, and Does 1-50 | JURY TRIAL REQUESTED |

Plaintiff LISA HOAAS hereby requests a trial by jury of all issues in this matter.

COMES NOW, Plaintiff LISA HOAAS and alleges as follows:

---

1
Case No.:
**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING / INSURANCE BAD FAITH**

## I.
## BACKGROUND

1. Plaintiff LISA HOAAS has been a resident and citizen of the State of California at all times relevant to this matter.

2. LISA HOAAS alleges that Defendant Sun Life Assurance Company of Canada (SUN LIFE) is a Canadian corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and are authorized to transact and are transacting the business of insurance in the State of California.

3. LISA HOAAS alleges that SUN LIFE makes all claims decisions on policies that were issued by all companies they have acquired.

4. LISA HOAAS alleges that SUN LIFE is responsible for all matters involving the non-payment of her claims.

5. The corporate headquarters of SUN LIFE is One Sun Life Executive Park, Wellesley Hills, MA 02481.

6. LISA HOAAS alleges that Defendant SUN LIFE adopted and implemented unfair claims handling practices and have utilized those unfair claims handling practices in its role as claims administrator for Plaintiff's individual disability income POLICY.

7. The true names and capacities, whether individual, corporate, government, associate or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to LISA HOAAS who therefore sues said Defendants by such fictitious names. LISA HOAAS will amend this complaint to allege their true names and capacities when ascertained. LISA HOAAS is informed and believes and, therefore, alleges that each of the Defendants designated herein caused injury and damages proximately thereby to LISA HOAAS as herein alleged, and are, therefore, responsible to LISA HOAAS for the damages herein requested.

8. LISA HOAAS entered into insurance contracts with SUN LIFE for long-term disability ("LTD") income coverage effective July 1, 2010.

9. Defendant SUN LIFE and DOES 1-50 issued POLICY of insurance to LISA HOAAS (Policy No. 2131860) for which she paid all premiums (hereinafter "the POLICY") and attached hereto as Exhibit A.

10. LISA HOAAS fully performed all duties required of her under the POLICY.

11. At all relevant times prior to April 3, 2012, LISA HOAAS was a Senior Risk Management Analyst at the County of El Dorado (CA). In this role, she managed the insurance coverage and health benefit programs offered to county employees. LISA HOAAS acted as a liaison between insurance companies and employees to solve benefit coverage problems. Plaintiff also assisted employees in enrolling in insurance and other benefit programs. The position was sedentary in nature and required that Plaintiff maintain accurate records/files, prepare written reports, write written correspondence, and communicate with insurance companies by phone and email. LISA HOAAS worked an average of 40 hours per week in this position. At a bare minimum, Plaintiff's occupation required that she have full use of both hands.

12. LISA HOAAS suffers from medical conditions that independently and comorbidly render her Totally Disabled under the terms of the POLICY.

13. Plaintiff has been diagnosed with degenerative joint disease in her right thumb. On April 3, 2012, Plaintiff underwent reconstructive surgery in efforts to repair the limb. Physicians engaged in CMC resection arthroplasty of Plaintiff's right thumb, while transferring an FCE tendon from her right forearm. Doctors also performed a joint fusion of Plaintiff's right thumb metacarpophalangeal joint. Complications from the April

3, 2012 surgery have permanently disabled LISA HOASS from performing Any Occupation, within the meaning of the POLICY.

14. Plaintiff has been diagnosed with Complex Regional Pain Syndrome Type 1 in her right hand. LISA HOASS has chronic pain, muscle atrophy, and nerve damage at the surgery site. She has lost sensitivity in her right hand and can no longer perform tasks that require fine motor skills. Plaintiff is right-hand dominant and has limited use of her left hand as the result of arthritis.

15. Since surgery on April 3, 2012, Plaintiff has treated degenerative joint disease, Complex Regional Pain Syndrome, and arthritis with a team of physicians near her home in Folsom, CA. Dr. Christopher Wilson, Dr. James Siy, and Dr. Michael Yang, have repeatedly examined Plaintiff's right hand and determined that she is permanently disabled from performing the work duties of Any Occupation as a result of chronic pain and lack of mobility in her right hand.

16. Since April 3, 2012, Plaintiff has been Totally Disabled from performing the substantial and material duties of Any Occupation that she is or could become reasonably qualified for by education, training, and experience.

17. Plaintiff filed a claim for LTD benefits under the POLICY after undergoing surgery. SUN LIFE requested that Plaintiff attend an Independent Medical Evaluation (IME) with Dr. Michael Bernhard in Sacramento, CA. After physically examining Plaintiff and reviewing her medical records, Dr. Bernhard determined that LISA HOAAS was Totally Disabled and recommended that she be placed on LTD benefits.

18. SUN LIFE determined that Plaintiff met the POLICY's definition of Total Disability on April 3, 2012. Defendant paid Plaintiff LTD benefits from September 30,

2012 until May 31, 2016.

19. In March 2014, Plaintiff was required to undergo an IME for a state Worker's Compensation claim. Orthopaedic Surgeon Ronald Wolfson physically examined LISA HOAAS and spent more than 15 hours of total time reviewing her case for the IME. Dr. Wolfson ruled that Plaintiff was permanently, totally disabled as a result of the injury to her dominant hand. The IME physician's detailed findings were supplied to Defendant in a 39-page report (See Exhibit B).

20. Each and every doctor that has physically examined Plaintiff has independently determined that she is Totally Disabled.

21. On February 27, 2015, Defendant offered Plaintiff a lump sum buyout of her POLICY for $60,000. In exchange for the lump sum payment, Plaintiff would have to release all rights to future LTD benefits under the POLICY. The $60,000 buyout offered by SUN LIFE is far less than the total amount of benefits owed to Plaintiff under the POLICY.

22. On June 16, 2016, Defendant denied LISA HOAAS' claim (See Exhibit C) solely on the basis that an undisclosed medical consultant read Plaintiff's medical record and opined that she should have limited physical restrictions. This opinion contrasts starkly with that of SUN LIFE's own IME physician, Dr. Bernhard, who physically examined Plaintiff and determined that she is Totally Disabled.

23. Defendant has denied benefits that LISA HOAAS is owed under the POLICY with full awareness that she is Totally Disabled.

24. The total disability provision of the POLICY in issue provides LTD benefits until age 65. By its failure to pay total disability benefits, Defendant will deprive LISA

HOAAS of the amount entitled to her under the POLICY.

25. At the time of the filing of his claim, and at all times thereafter, LISA HOAAS is entitled to receive disability benefits under the Total Disability provisions of his POLICY.

II.
## FIRST CAUSE OF ACTION

(Breach of Contract against SUN LIFE and DOES 1-50.)

26. Plaintiff LISA HOAAS incorporates by reference paragraphs 1 through 25, inclusive, of the complaint as though set forth in the cause of action.

27. Despite Defendant's obligation to pay LISA HOAAS her total disability benefits pursuant to her POLICY and California law, SUN LIFE has failed to provide her with LTD benefits (and continues to do so presently). In failing to pay LISA HOAAS the benefits due, and in forcing LISA HOAAS to obtain representation before paying her the benefits to which she is due, SUN LIFE and DOES 1 through 50 have breached and continue to breach their contracts of insurance with LISA HOAAS.

28. SUN LIFE is well aware that any payment of benefits under these circumstances no longer can make LISA HOAAS whole for Defendant's breaches.

29. As a direct and proximate result of the said breach, LISA HOAAS has been injured and damaged in an amount to be determined according to proof at trial.

30. As a direct and proximate result of the said breach, LISA HOAAS has been injured and damaged in incurring attorney's fees and costs in connection with this lawsuit and in connection with an attempt to obtain benefits to which she is entitled in an amount to be determined according to proof at trial.

WHEREFORE, LISA HOAAS prays judgment against Defendant as hereinafter

set forth.

## III.
## SECOND CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing / Insurance Bad Faith Against Defendant SUN LIFE and Does 1-50)

As and for a separate and distinct SECOND CAUSE OF ACTION, Plaintiff LISA HOAAS complains against Defendant SUN LIFE and Does 1-50 as follows.

31. Plaintiff incorporates by reference each and every paragraph of the complaint as though set forth in the cause of action.

32. At all times herein relevant, SUN LIFE agreed to act in good faith and deal fairly with LISA HOAAS when they entered into the POLICY and accepted premiums. Said Defendant thereby assumed a special relationship with and fiduciary-like obligations to LISA HOAAS, and agreed to abide by its said duties. Nevertheless, said Defendant refused and failed to act in good faith and deal fairly with LISA HOAAS, and breached said obligations, as is set forth in more particularly below.

33. In the absence of a reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, said Defendant has failed and refused to provide LISA HOAAS the appropriate benefits promised under the POLICY and the laws of California.

34. Defendant engaged and continue to engage in a course of conduct to further their own economic interest and in violation of their contractual and fiduciary obligations to LISA HOAAS, including, but not limited to:

    a. Unreasonably failing to pay the correct benefits of the POLICY;

    b. Failing to provide promptly a reasonable explanation of the basis

relied on in the insurance POLICY for its failure to pay the correct benefits;

c. Failing to pay the benefits which LISA HOAAS was entitled to receive based on insufficient and inadequate medical information;

d. Failing to place the financial interests of LISA HOAAS on an equal par with said Defendant's own financial interests;

e. Attempting to make Plaintiff accept a $60,000 buyout of her LTD benefits, which are worth much more than the sum offerred;

f. Forcing LISA HOAAS to hire an attorney to obtain the benefits of the POLICY due to her; and

g. Other such unreasonable conduct that is unknown at this time.

35. Said Defendant's actions were all part of a pattern and practice of denying and terminating long-term disability income claims issued to professionals in California, on specious bases in order to reduce overall reserves and improve the company's financial condition.

36. In doing the acts listed above, Defendant's acts breached the covenant of good faith and fair dealing, and constitute unfair claims settlement practices.

37. Said Defendant continue to engage in the aforementioned acts, and said conduct and bad faith constitutes a continuing tort and continuing bad faith to LISA HOAAS, causing her continuing damage as described herein beyond the date of the filing of the action.

45. As a direct and proximate result of the aforementioned conduct of said Defendant, LISA HOAAS has been damaged in an amount in excess of the minimum

jurisdiction of the court, to be proven at trial.

46. As a further direct and proximate result of the aforementioned conduct of Defendant, LISA HOAAS has suffered worsened physical condition, mental and emotional distress including, but not limited to, fear, aggravation, depression, humiliation and anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of the court to be determined according to proof at trial.

47. As a further, direct and proximate result of the aforementioned conduct of SUN LIFE, LISA HOAAS has been obliged to expend or incur liability for costs of suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

48. As a further, direct and proximate result of the aforementioned conduct of said Defendant, LISA HOAAS has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, his inability to replace the POLICY under the terms and conditions represented to her.

49. In doing the acts set forth above, Defendant acted fraudulently, maliciously, oppressively, and in conscious disregard of LISA HOAAS's rights and in a despicable fashion. LISA HOAAS is therefore entitled to punitive damages in a sum sufficient to punish Defendant so that such conduct will not take place again.

WHEREFORE, LISA HOAAS prays for judgment against Defendant as hereinafter set forth.

## PRAYER FOR RELIEF

AS TO THE FIRST CAUSE OF ACTION:

WHEREFORE, LISA HOAAS prays for relief as follows:

1. General damages against Defendant SUN LIFE and DOES 1-50 for the failure to provide the promised benefits under the subject contract of insurance in a sum to be determined at the time of trial, and a return of the premiums which Defendant has required LISA HOAAS to pay to keep the POLICY in force.

2. Special damages in an amount according to proof;

3. For such other and further relief as the Court deems just and proper.

AS TO THE SECOND CAUSE OF ACTION:

WHEREFORE, plaintiff LISA HOAAS prays for relief as follows:

4. General damages against Defendant SUN LIFE and DOES 1-50 for mental and emotional distress and other incidental damages in a sum to be determined at trial;

5. Special damages in an amount according to proof;

6. Punitive and exemplary damages;

7. For costs of suit herein incurred;

8. For reasonable attorneys' fees; and

9. For such other and further relief as the Court deems just and proper.

Dated: October 4, 2016          Respectfully submitted,

                                RAY BOURHIS ASSOCIATES

                                By: _____
                                Eric Whitehead
                                Attorney for Plaintiff,
                                LISA HOAAS

## DEMAND FOR JURY TRIAL

Plaintiff LISA HOAAS herewith demands a jury trial on all issues.

Dated: October 4, 2016          Respectfully submitted,

                                RAY BOURHIS ASSOCIATES

                                By: _____
                                Eric Whitehead
                                Attorney for Plaintiff,
                                LISA HOAAS

Case No.:
**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING / INSURANCE BAD FAITH**